```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


UNITED STATES OF AMERICA,      )
                               )
          v.                   )
                               )   1:12cr280 (JCC)
HAN SA YU, et al.,             )
                               )
     Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Han Sa Yu and Je Hyung Yoo's (collectively, "Defendants") Motions to Sever (the "Motions to Sever") [Dkts. 30, 32] and Defendant Je Hyung Yoo's Motion for Discovery and Production of Exculpatory Evidence (the "Motion for Discovery") [Dkt. 23]. For the following reasons, the Court will deny Defendants' Motions to Sever and deny Je Hyung Yoo's Motion for Discovery as moot.

## I. Background

On June 27, 2012, a grand jury sitting in the Eastern District of Virginia returned a multiple-count indictment against Defendants Han Sa Yu and Je Hyung Yoo. [Dkt. 11.] The indictment charged Defendants with: one count of conspiracy to commit extortion (Count One); four counts of extortion (Counts Two, Three, Five, and Six); and one count of attempted extortion (Count Four), all in violation of 18 U.S.C. § 1951, commonly

referred to as the "Hobbs Act." In short, the indictment alleges that Defendants were members of a gang known as the "Korean Night Breeders," and that the gang extorted money from businesses in and around Annandale, Virginia.

A joint trial is scheduled for September 17, 2012. [*See* Dkt. 24.] The Government anticipates that special agents from the Department of Homeland Security ("DHS") and police officers from the Fairfax County Police Department will testify regarding inculpatory statements made by each Defendant. (Gov't's Opp'n to Def. Yoo's Mot. to Sever [Dkt. 33] 2.) The Government also represents that it will seek to play portions of an audio recording of inculpatory statements made by Han Sa Yu to Fairfax County police officers. (*Id.*)

On July 5, 2012, Defendant Je Hyung Yoo filed a Motion for Discovery and Production of Exculpatory Evidence. [Dkt. 23.] The following day, Defendants were arraigned. At Defendants' arraignment, the Court entered an agreed Discovery Order and set a deadline of August 5, 2012, for the filing of pretrial motions. Then, on August 14, 2012, Je Hyung Yoo filed a Motion for Leave to File a Motion to Sever [Dkt. 29] as well as a Motion to Sever [Dkt. 30]. Defendant Han Sa Yu filed the same on August 17, 2012. [Dkts. 31-32.] The Government filed an opposition to Je Hyung Yoo's Motion to Sever and Motion for Discovery on August 20, 2012, [Dkts. 33-34], and an opposition

to Han Sa Yu's Motion to Sever on August 21, 2012, [Dkt. 35].
On August 22, 2012, Je Hyung Yoo filed a reply in further
support of his Motion to Sever. [Dkt. 36.]

Defendants' motions are before the Court.

## II. Analysis

A. <u>Motions to Sever</u>

1. <u>Timeliness</u>

As an initial matter, Defendants' Motions to Sever are untimely. This Court set a deadline of August 5, 2012, for the filing of pretrial motions. However, Je Hyung Yoo did not file his Motion to Sever until August 14, 2012, and Han Sa Yu did not file his Motion to Sever until August 17, 2012.

Federal Rule of Criminal Procedure Rule 12(c) allows the Court to set a deadline for the filing of pretrial motions. Motions to sever that are not made prior to the Rule 12(c) pretrial motion deadline are untimely and are subject to waiver absent a sufficient showing of cause for the late filing. *United States v. Ragin*, 737 F. Supp. 889, 893 (W.D.N.C. 1990). (collecting cases).

In their motions for leave to file, Defendants do not make any showing of cause for their late filings, and merely assert that the Government will not be prejudiced, and that the interests of justice will be served, by consideration of the

motions.  Je Hyung Yoo's motion for leave indicates that the Government does not consent to his late filing.

That said, the Government did not file oppositions to Defendants' motions for leave to file, and has instead challenged Defendants' Motions to Sever solely on the merits. Moreover, it appears that motions to sever denied on timeliness grounds are often filed on the eve of trial.  *See, e.g.*, *United States v. Casamayor*, 837 F.2d 1509, 1512 (11th Cir. 1988) (motion to sever filed on "eve of trial" was untimely); *United States v. Hoelker*, 765 F.2d 1422, 1425 (9th Cir. 1985) (finding that motion to sever that was not made until day before scheduled trial date and two months after date for filing pretrial motion was untimely).  Here, by contrast, Defendants' motions, though untimely, were filed a month before trial is set to begin.  For these reasons, and because the motions raise issues of constitutional magnitude, it is appropriate to decide Defendants' Motions to Sever on the merits.  Defendants are reminded, however, that this Court takes filing deadlines seriously, and that they should not expect such leniency in all cases.

    2.   <u>Merits</u>

        a.   <u>Relevant Law</u>

Federal Rule of Criminal Procedure 8(b) provides that "[t]wo or more defendants may be charged in the same indictment

or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Once defendants are indicted together, there is a preference that they be tried together. *See Zafiro v. United States*, 506 U.S. 534, 537 ("[T]here is a preference in the federal system for joint trial of defendants who are indicted together"); *United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992) ("[D]efendants indicted together should be tried together"). Joint trials of defendants charged with illegal activities arising out of the same events promote efficiency and judicial economy. *Zafiro*, 506 U.S. at 537 (citation omitted).

A court may sever a joint trial, however, under Federal Rule of Criminal Procedure 14. This rule provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials . . . ." Fed. R. Crim. P. 14. A court's discretion to sever should be exercised "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A defendant is not entitled to severance merely because he might have had a better chance of

acquittal in a separate trial.  *United States v. Lighty*, 616 F.3d 321, 348 (4th Cir. 2010).

Defendants argue that severance is appropriate because of potential issues with non-testifying co-defendant confessions.  In *Bruton v. United States*, 391 U.S. 123, 135-36 (1968), the Supreme Court held that held that admission of a non-testifying co-defendant's incriminating statement violates a defendant's Sixth Amendment confrontation rights.  *Id.* at 135-36.  While Defendants advance the same argument, the Government responds to each Defendant differently.  Accordingly, the Court will address Defendant's motions separately.

    b. <u>Han Sa Yu</u>

Han Sa Yu does not identify the statements which he contends are problematic under *Bruton*.  In its response, the Government concedes that some of the statements that Je Hyung Yoo made to federal agents facially incriminate Han Sa Yu, and thus would violate his rights under the Confrontation Clause if admitted into evidence at trial.  (Gov't Resp. to Def. Han Sa Yu's Mot. to Sever [Dkt. 34] 2.)  The Government represents, however, that it will not seek to admit such statements in unredacted form.  The Supreme Court has held that the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession, with a proper limiting instruction, when the confession is redacted to eliminate not

only the defendant's name, but any reference to his or her existence. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987). Similarly, when the redacted statement refers to the existence of a co-defendant through use of symbols or neutral pronouns, the redacted version is generally admissible. *United States v. Akinkoye*, 185 F.3d 192, 198 (4th Cir. 1999); *United States v. Brooks*, 957 F.2d 1138, 1146 (4th Cir. 1992) (citation omitted). However, if a redacted confession of a non-testifying codefendant given to the jury (by testimony or in writing) shows signs of alteration such that it is clear that a particular defendant is implicated, the Sixth Amendment has been violated. *See Gray v. Maryland*, 523 U.S. 185 (1998).

Han Sa Yu asserts that it is impossible to redact Je Hyung Yoo's inculpatory statements such that they would not implicate him. Specifically, he anticipates that the evidence at trial will establish that he was the leader of the Korean Night Breeders, and that he was present at all of the alleged extortions. He also contends that Je Hyung Yoo's statements describe incidents similar to those described by Government witnesses to DHS agents. He argues that for these reasons, redaction will not protect his identity from the jurors.

The Court disagrees. For one, Han Sa Yu fails to provide specific examples of inculpatory statements that could not be redacted so as to avoid *Bruton* problems. *See United*

*States v. Lord*, No. 1:09cr159, 2009 WL 1766605, at *2 (E.D. Va. June 19, 2009) ("[T]he Court cannot find that prejudice exists and that severance should be granted based on [the defendant's] strictly hypothetical arguments which fail both to articulate any specific instances of prejudice, and to give the Court sufficient information to determine the appropriate remedy.) (internal quotation marks and citations omitted).

      The arguments Han Sa Yu does advance are unavailing. Contrary to Han Sa Yu's position, the relationship between a non-testifying co-defendant's confession and other evidence presented at trial does not violate the Confrontation Clause, so long as each redacted confession, viewed in isolation, does not incriminate the other Defendant. *See United States v. Williams*, 936 F.2d 698, 700 (2d Cir. 1991) ("If the confession . . . does not incriminate the defendant, then it may be admitted with a proper limiting instruction even though other evidence in the case indicates that the neutral pronoun is in fact a reference to the defendant."); *see also United States v. Smith*, 43 F. App'x 529, 533 (4th Cir. 2002) (unpublished) (noting that "the Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession that has been redacted to eliminate the defendant's name and any reference to his existence where a limiting instruction is given, even though the statement is incriminating to the defendant when it is linked

with other evidence introduced at trial") (citing *Richardson*, 481 U.S. at 211). Given Han Sa Yu's minimal proffer, the Court concludes that redaction plus a proper limiting instruction will adequately remedy the *Bruton* problems posed by Je Hyung Yoo's inculpatory statements.

        c.    <u>Je Hyung Yoo</u>

In response to Je Hyung Yoo's Motion to Sever, the Government argues that Han Sa Yu did not make any statements which implicate *Bruton*. (Gov't Resp. to Def. Je Hyung Yoo's Mot. to Sever [Dkt. 33] 11.) Je Hyung Yoo has filed a reply, in which he lists statements that he contends demonstrate the converse. Based on its review of Je Hyung Yoo's reply, the Court concludes that Han Sa Yu did make at least one statement which directly inculpates Je Hyung Yoo, and is thus problematic under *Bruton*. That is Han Sa Yu's statement to federal agents that Je Hyung Yoo committed a robbery in Great Falls on March 3, 2012. At oral argument, however, the Government submitted that it does not plan to admit this statement.

Assuming, without deciding, that other statements in the reply brief are problematic under *Bruton*, Je Hyung Yoo does not make any convincing arguments as to why redaction, accompanied by a limiting instruction, would not be a sufficient remedy. He argues that because he and Han Sa Yu are the only defendants in this case, admission of the *Bruton* statements, in

redacted form, would not obviate the undue prejudice he would suffer. The Court disagrees. It appears that the Korean Night Breeders had a large number of members (scores, according to the Government), such that redacted statements would not obviously inculpate Je Hyung Yoo. And, as noted above, even if the redacted statements become incriminating when linked with other evidence, there is no *Bruton* problem so long as the statements are not facially incriminating and are accompanied by a proper limiting instruction. *Smith*, 43 F. App'x at 533. Accordingly, the Court concludes that redaction and a proper limiting instruction constitute an adequate remedy, and that severance is not required.

    B.   <u>Motion for Discovery</u>

In his Motion for Discovery, Je Hyung Yoo seeks an Order commanding the Government to produce various discovery materials. The day after Defendant filed his motion, the Court entered agreed Discovery Order that covers the breadth of information sought by Defendant. At oral argument, Defendants indicated that they are satisfied with the Government's fulfillment of its discovery obligations. Accordingly, Je Hyung Yoo's Motion for Discovery is denied as moot.

### III. Conclusion

For these reasons, the Court will deny Defendants' Motions to Sever and deny Defendant Je Hyung Yoo's Motion for Discovery as moot.

An appropriate Order will issue.

August 29, 2012
Alexandria, Virginia

/s/
James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE